### Ohio Association of Public School Employees
### v.
### Montgomery County Board of Education
*[Cite as 5 AOA 45]*

*Case No. 11798*
*Montgomery County, (2nd)*
*Decided July 16, 1990*

*Michael J. Burdge, Suite 350, 120 W. Third Street, Dayton, Ohio 45402, Attorney for Defendant-Appellant.*

*Robert J. Walter, 600 South High Street, Columbus, Ohio 43215, Attorney for Plaintiffs-Appellees.*

WILSON, J.

The plaintiffs-appellees are the Ohio Association of Public Employees/AFSCME AFL-CIO, its local chapter 342, and Beatrice Thies, a school bus driver employed by the Mad River Local School District. The defendant-appellant is the Montgomery County Board of Education.

On May 10, 1989, the board adopted the following bus driver certification policy:

"Persons employed as drivers of school buses owned and operated by the local districts in Montgomery County must be certified by the Montgomery County Board of Education. The certificate states that the driver is at least eighteen (18) years of age, is of good moral character, and is qualified physically and otherwise for the position."

Local schools shall provide the following in requesting certification:

"Request for Bus Driver Certification Form License Valid for School Bus Driving (copy) Medical Examination (T-8) Abstract of Driver Record Evidence of Completing Pre-Service and Inservice Training (Rule 3301-83-10)

"The Montgomery County Board of Education may request a background investigation on each applicant from the Montgomery County Sheriff's Department.

"Persons who have the above records on file, do not have five (5) points or more in the past three years, and satisfy the background investigation shall be certified by the County Board of Education. The County Board of Education shall provide for the annual physical examination as required in Ohio Revised Code 3327.10."

The board has appealed from the order of the Montgomery County Court of Common Pleas declaring the board's policy to be invalid. There are three assignments of error.

A COUNTY BOARD OF EDUCATION HAS THE LAWFUL AUTHORITY TO ADOPT POLICIES AND/OR REGULATIONS SETTING FORTH THE MANNER IN WHICH IT

WILL EXERCISE THE POWER GRANTED IN REVISED CODE SECTION 33,27.10 TO ISSUE BUS DRIVER CERTIFICATES.

WHEN ATTEMPTING TO INTERPRET THE PROVISIONS OF AN ADMINISTRATIVE REGULATION, A COURT SHOULD CONSIDER EVIDENCE OF THE MANNER IN WHICH THE ADMINISTRATIVE AGENCY INTERPRETS ITS OWN REGULATIONS.

WHEN ATTEMPTING TO INTERPRET THE PROVISIONS OF THE OHIO REVISED CODE AND/OR OHIO ADMINISTRATIVE REGULATIONS, A COURT SHOULD CONSIDER EVIDENCE OF THE MANNER IN WHICH ADMINISTRATIVE AGENCIES INTERPRET AND IMPLEMENT THE POWER GRANTED BY SUCH PROVISIONS OF THE REVISED CODE AND/OR ADMINISTRATIVE REGULATIONS.

The appellees have stated one assignment of error in their cross appeal.

THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT THE INJUNCTIVE RELIEF REQUESTED BY APPELLEES.

R.C. 3327.10(A) requires county boards of education to certify all bus drivers employed by school districts under the supervision of the county board. This section provides:

"(A) *No person shall be employed as driver of a school bus* or motor van, owned and operated by any school district or privately owned and operated under contract with any school district in this state, *who has not received a certificate from the county board of education of the county in which he is to be employed,* in case such person is employed by a school district under the supervision of the county board, or by the superintendent of schools, in case such person is employed by the board of a city or exempted village school district, *certifying that such person is at least eighteen years of age and is of good moral character and is qualified physically and otherwise for such position.* The county board or the superintendent, as the case may be, shall provide for an annual physical examination that conforms with rules adopted by the state board of education of each driver to ascertain his physical fitness for such employment. Any certificate may be revoked by the authority granting the same on proof that the holder has been guilty of failing to comply with division (D)(1) of this section, or upon a conviction or a guilty plea for a violation, or any other action, that results in a loss or suspension of driving rights. Failure to comply with such division may be cause for disciplinary action or termination of employment under division (C) of section 3319.081, or section 124.34 of the Revised Code." (Emphasis Added)

R.C. 3311.01 classifies school districts as follows:

"The school districts of the state shall be styled: "city school districts," "local school districts," "exempted village school districts," "county school districts" and "joint high school districts" and joint vocational school districts may be styled either "joint vocational school districts" or "vocational school districts"

R.C. 3311.05(A) defines "county school districts to be the territorial limits of the county but excluding the territory embraced in any 'city school district' and 'exempted school district.'"

R.C. 3311.03 defines "local school district" in part as a school district other than a "city school district," "county school district," "joint high school district," or "joint vocational school district."

R.C. 4511.76(A) in pertinent part provides:

"The Department of Education by and with the advice and consent of the director of highway safety shall adopt and enforce regulations relating to the *** operation of all school buses owned and operated by *any school district *** *** Every School district,* its officers and employees, and every person employed under contract by a school district shall be subject to such regulations."

The Department of Education adopted Ohio Admin. Code Section 3301-83-06(1984) relating to personnel qualifications of school Ohio Assoc. Public School Emp. u. Bd. of Ed.-5- bus drivers and Ohio Admin. Code Section 3301-83-07 (1984) relating to physical qualifications of school bus drivers. Ohio Admin. Code Section 3301-83-06(B) (1984) provides:

"The school bus driver should have an understanding of the role of pupil transportation in the educational program and meet all the physical, mental and moral requirements established by state laws and regulations and *local board of education* policies."

Qualifications shall include:
"(1) Being of legal age (section 3327.10 of the Revised Code).
"(2) Being physically qualified (rule 3301-83-07).
"(3) An annual driver record check (rule 3301-83-07 of the Administrative Code.)
"(4) Being licensed as a school bus driver.

47

…

"(5) Holding school bus driver certification by a city or exempted village superintendent or by a *county board of education.*

"(6) Completing pre-service and inservice training (rule 3301-83-10 of the Administrative Code).

"(7) Physical capability of appropriately lifting and managing handicapped pupils when necessary.

"(8) Ability to cope with stressful situations as related to handicapped pupils.

"(9) Possessing or upgrading skills through formal and/or inservice training related to transportation of the handicapped.

"(10) a report of the state bureau of criminal identification and investigation and/or county or local law enforcement agency may be required." (Emphasis added.)

The Ohio Admin. Code defines "county board of education".It also defines "county school district" in substantially the same language as used in the statute. It does not define the meaning of "local board of education."

In finding the board's policy to be invalid the trial court in effect held that the language of the Admin. Code, "local board of education" means the same as the language of the statute "local school districts."

The first paragraph of the board's policy merely sets forth the board's statutory duty in substantially the same language as used in R. C. 3327.10(A). The policy is essentially a statement of the procedures the board will follow in order to determine whether a prospective bus driver is "at least eighteen years of age and is of good moral character and is qualified physically and otherwise for such position."

It is also reasonably clear that Ohio Admin. Code Section 3301-83-06(B) establishes minimum standards. It specifically permits "local board of education policies."

The trial court's interpretation that O.A.C. 3301-83-06(B) in effect means that only "local school districts" can adopt local policies. It is difficult to believe that the Department of Education intended to provide more control and discretion with "local school districts" than with other school districts. It is doubtful that the Department of Education has the authority to limit its regulations to "local school districts" in view of its statutory duty to adopt regulations which apply to "Every school district".

The first assignment of error is sustained.

In view of our construction of the Admin. Code and the various statutes referred to above, we conclude that error, if any, in the trial court's failure to admit evidence was not prejudicial. The appellant's last two assignments of error are overruled along with the appellee's assignment of error.

We reverse and remand.

FAIN, J., and GRADY, J., concur.